[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10732
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00038-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN JESSE CROSSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 23, 2008)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Alan Jesse Crossley appeals his conviction for conspiracy to

manufacture, distribute, and possess with intent to distribute marijuana plants, in violation of 21 U.S.C. § 846. On appeal, Crossley argues that the district court erred by not suppressing the evidence the officials seized at his house, because his consent was the product of an illegal detention.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error, and review *de novo* the application of the law to the facts. *United States v. Perez*, 443 F.3d 772, 774 (11th Cir. 2006). The facts are construed in the light most favorable to the party that prevailed below. *Id.*

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. A seizure occurs "'when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16, 88 S.Ct. 1868, 1879 n.16, 20 L.Ed.2d 889 (1968)). The Supreme Court has held:

> Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search [property]-provided they do not induce cooperation by coercive means. If a reasonable person would feel free to terminate the encounter, then he or she has not been seized.

*United States v. Drayton*, 536 U.S. 194, 200-01, 122 S.Ct. 2105, 2110, 153 L.Ed.2d 242 (2002) (internal citations omitted). We have held that the following factors are relevant in determining whether a seizure occurred include:

> whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect, and the language and tone of voice of the police.

*Perez*, 443 F.3d at 778 (quotations omitted). An officer's statement that an individual is the focus of an investigation also is a relevant factor. *See United States v. Puglisi*, 723 F.2d 779, 783 (11th Cir. 1984). However, an officer's statement that he believes that the defendant is involved in drug activity, without more, is insufficient to establish that the defendant was seized. *See United States v. Berry*, 670 F.2d 583, 597 n.13 (5th Cir. Unit B 1982) (*en banc*).

In *United States v. De La Rosa*, 922 F.2d 675 (11th Cir. 1991), the district court determined that the initial encounter between the defendant and the officers was a non-coercive encounter to which the Fourth Amendment did not apply. *Id.* at 678. In *De La Rosa*, an officer (1) blocked the defendant's car, which was parked in front of his apartment, (2) identified himself to the defendant, who was exiting the car after returning to his apartment, (3) requested and received the defendant's driver's license, and (4) elicited permission to search the defendant's

3

car before returning the license.  *Id.* at 677-78.  We held that, under the totality of the circumstances, a reasonable person would have felt free to leave, and thus, the officer did not seize the defendant within the meaning of the Fourth Amendment. *Id.* at 678.

Base on our review of the record, we conclude that the district court did not err in denying Crossley's motion to suppress, based on its finding that, under the totality of the circumstances, a reasonable person would have felt free to leave. Accordingly, we affirm Crossley's conviction.

**AFFIRMED.**